*Billewicz v. Estate of John J. Fanelli*, No. 358-7-19 Wncv (Tomasi, J., Apr. 7, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| SUPERIOR COURT | CIVIL DIVISION |
|---|---|
| Washington Unit | Docket No. 358-7-19 Wncv |

| | |
|---|---|
| Lillian E. Billewicz, Appellant | |
| v. | |
| Estate of John J. Fanelli, Appellee | |

### Opinion and Order on Appeal from the Secretary of State

This is an appeal from a determination of the Vermont Secretary of State (the "Secretary"). The Secretary concluded that the Appellant, Lillian Billewicz, had lost the rights to the trade name "Santa's Land." The Appellee is the Estate of John Fanelli, which seeks affirmance of that determination. The Court held a *de novo* evidentiary hearing on October 8, 2019 and January 7, 2020. 11 V.S.A. § 1636(c). Ms. Billewicz, a former attorney, was present and represented herself. The Estate was represented by John Valente, Esq. The Court makes the following determinations based on the evidence.

I.    Findings of Fact

Santa's Land was a business that operated for decades as a Christmas-inspired theme park in Putney, Vermont. Ms. Billewicz purchased the business in June 2013 from Stetson Enterprises. Exhibit C. At around the same time, John Fanelli was seeking to foreclose on a mortgage that burdened the Santa's Land

property. The multiple parties involved entered into a Stipulation permitting a strict foreclosure on Santa's Land but allowing a period of time for redemption. Ms. Billewicz signed the Stipulation as Stetson Enterprises' "successor-in-interest." Exhibits D–E. The Stipulation and Judgment included "personal property." *Id.* The strict foreclosure proceeded. No party redeemed the property, Exhibit F, and Mr. Fanelli assumed ownership of the former Santa's Land and all "personal property . . . [that was] used in connection with the Mortgaged Property."[1] Exhibit D. In July 2016, the Santa's Land property was sold to David Haversat, Exhibit J, who wishes to run Santa's Land as a theme park and reunite it with its trade name.

Though determination of the ownership of the Santa's Land theme park is beyond the scope of the present action, the Court understands that Ms. Billewicz has made various attempts through court proceedings to reopen and undo some or all of the transactions described above. She hopes to regain ownership of the Santa's Land theme park. One such action remains pending in the Windham Probate Court. She touts those efforts to show her "intention" to use the trade name, again, as a theme park.[2]

---

[1] The parties do not appear to dispute that a trade name is personal property. *See, e.g., Adams v. Hartz Mountain Corp.*, No. C14-1174RSL, 2014 WL 7151781, at *5 (W.D. Wash. Dec. 15, 2014) (describing trade names as intangible personal property).

[2] In light of the Stipulation, the Court questioned both sides as to why ownership of the Santa's Land property should not be determinative of which side should be entitled to use of the name. As the Court is now sitting in an appellate position reviewing the Secretary's ruling, however, it has no reason to analyze that issue. Accordingly, it expresses no opinion as to whether the results of other litigation may have a future impact on either side's entitlement to register and use the Santa's Land trade name.

Ms. Billewicz testified at trial that the last time Santa's Land theme park admitted visitors under her ownership was early 2014. The last point in time when Santa's Land theme park sold any goods was October 2014. Ms. Billewicz physically left the Santa's Land property in the summer of 2015.

As to the trade name "Santa's Land," as part of her purchase in 2013, Ms. Billewicz obtained ownership of the trade name Santa's Land. She registered the Santa's Land trade name with the Secretary in July 2013. She indicated that its business purpose was "Theme Park." Exhibit P. The registration required that the owner of the trade name inform the Secretary "if the business name, address or ownership is changed." Ms. Billewicz admitted that she did not use the trade name at all from late fall 2014 to the fall of 2017.

In the fall of 2017, Ms. Billewicz sought to "renew" the trade name. She had not to that point informed the Secretary of the changes in ownership of the Santa's Land theme park, nor did she do so in the renewal application. Ms. Billewicz conceded that point at trial. When Ms. Billewicz submitted her renewal application, she modified the business purpose of Santa's Land from "Theme Park" to "Arts, Entertainment, and Recreation; Independent Artists, Writers, and Performers." Exhibit Q. She stated that she made that change to reflect a new business venture.

Ms. Billewicz testified that, since "summer or fall of 2017" she has operated a "sole proprietorship" using the Santa's Land trade name. She claimed that the business involves having her son dress up as Santa and bring gifts or balloons to

3

children at their homes. In addition, she asserted that she writes letters to children "from Santa" on Santa Land letterhead that she has left over from the theme park. Other than her testimony, and despite understanding the nature of the trial, Ms. Billewicz produced little tangible evidence of the ongoing operation of such a business. The enterprise has no employees, no website, and runs no advertisements. Ms. Billewicz stated that she had placed "flyers" in some stores and laundromats, but produced no such flyers. She produced no versions of any letters from Santa Claus, but did admit a blank piece of paper with the Santa's Land letterhead, which also contained the address of the theme park. Exhibit 1. Ms. Billewicz stated that she would make copies of the letterhead and block out the former address. She did not produce such an exhibit at trial, however.[3]

Ms. Billewicz testified that she kept business records in a "ledger" or an "address book," but did not bring the book or books to either day of trial. She maintained that she had filed a tax return for the business. She did not produce a copy of the return, but did provide a handwritten "copy" of the return she claimed to have submitted for the year 2018. Exhibit 2. That return shows a gross income for the business of $830.00. Further, she admitted that she had not filed a Schedule C for the business. She stated that she would need to file an amended return.

Ms. Billewicz stated that the business performs 30-40 visits per year. But she did not offer the testimony of her son or of any past customer who might have

---

[3] Nor is it clear to the Court the authority pursuant to which Ms. Billewicz continues to retain and use physical property of Santa's Land theme park.

supported that assertion. At best, Ms. Billewicz could recall only that one customer's name was "Shelly." Other than that, however, though operated at a small town/local level, Ms. Billewicz could not name a single additional customer that had used her business.

II.     Analysis

Vermont law provides that an applicant who has been denied the use of a trade name by the Secretary because it is already registered to another, can seek a hearing to determine whether the other person is still actively using the trade name. 11 V.S.A. § 1636(a). That same provision provides:

> If, after notice and an opportunity for hearing, the Secretary or designee finds that the person is not doing business or intending to do business in this State as demonstrated by a substantive act or acts consistent with that intent, the Secretary may terminate the registration and register the business name to the applicant. If the business name is not taken by the person who requested a hearing under this section, the business name shall be available for selection by another registrant.

*Id.* § 1636(b).

In this instance, the Secretary concluded that Ms. Billewicz is "not doing business or intending to do business in this State as demonstrated by a substantive act or acts consistent with that intent." The Secretary, thus, determined that Ms. Billewicz was no longer entitled to use the trade name Santa's Land. For procedural and substantive reasons, and based on the evidence presented at trial, the Court agrees with the Secretary's result.

First, the Court sees significant procedural errors attendant to Ms. Billewicz' "renewal" of the Santa's Land trade name. She had not informed the Secretary of

5

the change in ownership or the change in location of the business, as she was required to do. Such information would have permitted the Secretary to perform a more searching evaluation of the request for renewal and evaluate any competing claims. Additionally, Ms. Billewicz sought "renewal" of the trade name for purposes of using it in connection with the business she described at trial, not as a theme park. Specifically, the application described the business as "Arts, Entertainment, and Recreation; Independent Artists, Writers, and Performers." Exhibit Q. As a result, Ms. Billewicz was operating a new business at a different location, and with a different purpose. The Court does not believe that is an appropriate basis to seek a "renewal" of a trade name, especially where no disclosure has been made to the Secretary as to the changes in prior ownership and location of business.

Second, relying on federal case law, both sides appear to agree that the nearly three-year period (2014–2017) in which Ms. Billewicz did not operate a business or use the trade name Santa's Land creates a rebuttable presumption that the name was abandoned. They disagree as to whether the presumption has been rebutted and which side bears the burden of proof. The Court need not resolve those issues because the Court's ruling would be the same regardless of which side has the ultimate burden of persuasion.

Here, the evidence conclusively demonstrates that Ms. Billewicz has not undertaken a "substantive act or acts consistent with [her] intent" to run the

Santa's Land performance venture.[4]  Ms. Billewicz participated in the hearing process before the Secretary.  In the Secretary's ruling, he concluded that Ms. Billewicz had not produced any real evidence substantiating her claims regarding the ongoing operation of the business.  Despite having participated in that process and despite having two hearings before this Court—separated by over three months—Ms. Billewicz also did not present any reliable evidence supporting her claims at trial.  She produced no witnesses, including her son or customers; customer lists; photographs; flyers; advertisements; letters; or business records (other than the purportedly hand-copied version of a tax return that contained no schedules).  Ms. Billewicz claims that she simply did not bring the records with her to Court.  Ms. Billewicz is a former attorney.  She cannot claim ignorance as to the need for tangible proof in connection with assertions that are being contested at trial.  Ultimately, consistent with the Secretary's decision, the Court finds the scant evidence supporting Ms. Billewicz' claim of an ongoing business operation to be unreliable and wholly unpersuasive.

---

[4] The Court does not credit the litigation activity to regain ownership of the theme park as supportive of Ms. Billewicz' claim for ongoing use of the Santa's Land trade name in connection with her new and distinct business venture.

III.   Conclusion

In light of the foregoing, the Court concludes that Ms. Billewicz is no longer entitled to registration of the Santa's Land trade name.

Dated at Montpelier, Vermont, this 7th day of April, 2020.


-------------------------------------
Timothy B. Tomasi
Superior Court Judge

8